***FILED***

4:17 pm, Jun 02, 2021

U.S. DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

HDM:PP/GN
F. #2019R01654/OCDETF# NY-NYE-0880

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

ZHI DONG ZHANG,
   also known as "GG," and
LORENA SOLANO CASTRO,
   also known as "Clau 2,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

**1:21-cr-00302(SJ)(PK)**

Cr. No. _____
(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(a)(1)(A)(i), 1956(a)(1)(B)(i),
1956(h), 1957(a), 2 and 3551 et seq.; T.
21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

COUNT ONE
(Money Laundering Conspiracy)

1.     In or about and between June 2016 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," and LORENA SOLANO CASTRO, also known as "Clau 2," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful

activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNT TWO
(Money Laundering Conspiracy)

2.      In or about and between June 2016 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," and LORENA SOLANO CASTRO, also known as "Clau 2," together with others, did knowingly and intentionally conspire to engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNTS THREE THROUGH FIVE
(Money Laundering)

3.      On or about the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," and LORENA SOLANO CASTRO, also known as "Clau 2," together with others, did knowingly and intentionally engage in one or more

2

financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, as described below:

| COUNT | DEFENDANT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|---|
| THREE | LORENA SOLANO CASTRO | July 20, 2020 | $100,000 |
| FOUR | ZHI DONG ZHANG | November 30, 2020 | $54,000 |
| FIVE | ZHI DONG ZHANG | December 9, 2020 | $78,390 |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

### COUNTS SIX THROUGH EIGHT
(Money Laundering)

4.      On or about the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," and LORENA SOLANO CASTRO, also known as "Clau 2," together with others, did knowingly and intentionally engage in one or more

3

financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as described below:

| COUNT | DEFENDANT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|---|
| SIX | LORENA SOLANO CASTRO | July 20, 2020 | $100,000 |
| SEVEN | ZHI DONG ZHANG | November 30, 2020 | $54,000 |
| EIGHT | ZHI DONG ZHANG | December 9, 2020 | $78,390 |

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

5.    The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

6.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

4

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____

FOREPERSON

_____

MARK J. LESKO
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

5

F.#: 2019R01654/ OCDETF# NY-NYE-0880

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

ZHI DONG ZHANG, also known as "GG," and LORENA SOLANO
CASTRO, also known as "Clau 2,"

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 1956(h), 1957(a), 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

*A true bill.*

_____
                                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                          *Clerk*

*Bail, $* _____

_____

**Philip Pilmar and Genny Ngai, Assistant U.S. Attorneys (718) 254-6106/6393**

6