FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 10 2022 ★

BROOKLYN OFFICE

EDP:PP/GN
F. #2019R01654/OCDETF# NY-NYE-0880

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against -

ZHI DONG ZHANG,
   also known as "GG," "Kun Li Hernandez,"
   "Chang Li Gong Sun" and "Memo,"
COSME AVENDANO SOTO,
   also known as "Danny,"
███████████████████████
███████████████████████
███████████████████████
QI YUN,
   also known as "Jose,"

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 21-CR-302 (S-2) (BMC)
(T. 21, U.S.C, §§ 841(b)(1)(A)(ii)(II),
841(b)(1)(A)(viii), 846, 853(a), 853(p),
959(a), 959(d), 960(a)(3),
960(b)(1)(B)(ii), 963 and 970; T. 18,
U.S.C., §§ 982(a)(1), 982(b)(1),
1956(a)(1)(A)(i), 1956(a)(1)(B)(i),
1956(h), 1957(a), 2, 3238 and 3551 et
seq.)

THE GRAND JURY CHARGES:

COUNT ONE
(International Cocaine Distribution Conspiracy)

   1.   In or about and between June 2016 and December 2021, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," COSME AVENDANO SOTO, also known as "Danny," and ███████████████████████████████████████████ together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported

into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 960(b)(1)(B)(ii) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Distribution of Cocaine)

2. In or about and between October 2020 and November 2020, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," COSME AVENDANO SOTO, also known as "Danny," and ███████████████, together with others, did knowingly and intentionally distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(a), 959(d), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT THREE
(Cocaine Importation Conspiracy)

3.  In or about and between June 2016 and December 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," COSME AVENDANO SOTO, also known as "Danny," and ███████████████████ together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Methamphetamine)

4.  In or about and between June 2016 and December 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," COSME AVENDANO SOTO, also known as "Danny," and ███████████████████ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or

more controlled substances, which offense involved: (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing methamphetamine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was (a) five kilograms or more of a substance containing cocaine and (b) 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii)(II) and 841(b)(1)(A)(viii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
(Money Laundering Conspiracy)

5. In or about and between June 2016 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and QI YUN, also known as "Jose," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959, 960(a)(1) and 963, knowing that the property involved in the financial transactions represented the proceeds of

some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT SIX
(Money Laundering Conspiracy)

6. In or about and between June 2016 and June 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," ███████████████████████████████████ ███████████████████████████ and QI YUN, also known as "Jose," together with others, did knowingly and intentionally conspire to engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959, 960(a)(1) and 963, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS SEVEN AND EIGHT
(Money Laundering)

7. On or about the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," and ██████████████████████████████ together with others, did knowingly and intentionally engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959, 960(a)(1) and 963, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of the specified unlawful activity and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, as described below:

| COUNT | DEFENDANT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|---|
| SEVEN | ██████████ | ██████████ | ██████████ |
| EIGHT | ZHI DONG ZHANG | November 30, 2020 | $54,000 |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNTS NINE AND TEN
(Money Laundering)

8. On or about the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," and ███████████████████████████████████████ together with others, did knowingly and intentionally engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959, 960(a)(1) and 963, as described below:

| COUNT | DEFENDANT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|---|
| NINE | ███████████ | ███████████ | ███████████ |
| TEN | ZHI DONG ZHANG | November 30, 2020 | $54,000 |

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH FOUR

9. The United States hereby gives notice to the defendants charged in Counts One through Four that, upon their conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 853(a) and 970, which require any person convicted of such

7

offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such of such offenses; and (b) any property used, or intended to be used in any manner or part to commit, or to facilitate the commission or, such offenses.

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 853(a), 853(p) and 970)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FIVE THROUGH TEN

11.  The United States hereby gives notice to the defendants charged in Counts Five through Ten that, upon their conviction of any of the offenses charged in Counts Five through Ten, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to

forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R01654/ OCDETF# NY-NYE-0880
FORM DBD-34
JUN. 85

No. 

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ZHI DONG ZHANG, also known as "GG," "Kun Li Hernandez," "Chang Li Gong Sun" and "Memo," COSME AVENDANO SOTO, also known as "Danny," ████████████ and QI YUN, also known as "Jose,"

Defendants.

# SUPERSEDING INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(viii), 846, 853(a), 853(p), 959(a), 959(d), 960(a)(3), 960(b)(1)(B)(ii), 963 and 970; T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(h), 1957(a), 2, 3238 and 3551 et seq.)

_____
                         Foreperson

A true bill.

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
                              Clerk

Bail, $ _____

Philip Pilmar and Genny Ngai, Assistant U.S. Attorneys (718) 254-6106/6393

10