LAW OFFICES OF
**FRANK A. PEREZ, P. C.**
ATTORNEY AT LAW

9110 SCYENE ROAD
DALLAS, TEXAS 75227

TELEPHONE  (214) 828-9911
TELECOPIER (214) 828-2104

December 4, 2025

By Email and ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Zhi Dong Zhang
             Docket No. 21-CR-302

Dear Judge Cogan:

I write to bring to the Court's attention that my client, Zhi Dong Zhang, has been moved out of this District without any order issued by this Court authorizing his transfer. Mr. Zhang was arraigned here, this Court had already assumed jurisdiction, and no notice was provided to the defense that he would be moved. His transfer appears to have occurred outside the procedures required for moving a federal defendant between districts.

Mr. Zhang is named in two indictments–the second superseding indictment out of the Eastern District of New York, *United States v. Zhang*, No. 21-cr-00302-BMC (E.D.N.Y. Nov. 10, 2022); and the first superseding indictment out of the Northern District of Georgia. *United States v. Zhang*, No. 1:22-cr-00294-UNA-1 (N.D. Ga. Oct. 4, 2022).

On October 24, 2025, Mr. Zhang was extradited from Mexico and first appeared in the Southern District of Texas. (*See* Case No. 1:25-MJ-956). Although Mr. Zhang executed Rule 5 waivers of identity and removal for both this District and the Northern District of Georgia, the Texas court declined the Government's request to prioritize the Northern District of Georgia and ordered that he be transferred to the Eastern District of New York. That court later denied the Government's motion to reconsider that ruling. (*See* Case No. 1:25-MJ-00956, Dkt. No. 4).

Mr. Zhang was then transported to this District, where he made his initial appearance on November 19, 2025, and was arraigned on the second superseding indictment. (*See* Dkt. No. 169). Following arraignment, the Government requested a 30-day exclusion under the Speedy Trial Act, which the defense consented to based on the Government's representations; the Court entered that exclusion order on November 24, 2025. (*See* Dkt. No. 172). During this exclusion period, the Government did not communicate with the defense or indicate that any transfer out of this District was being imminently sought or contemplated.

On December 3, 2025, I learned that Mr. Zhang had been transported out of this District. On December 4th, I learned that he is currently at the Grady County Detention Center in Oklahoma, apparently on his way to the Northern District of Georgia. This occurred:

1.  without a Rule 5(c)(3) transfer proceeding,

2. without any Rule 20 consent, and

3. without notice or opportunity for the defense to be heard.

Mr. Zhang's removal has created uncertainty about the procedural posture of the case and has immediate implications for his rights and the defense's ability to represent him effectively.

I respectfully request that the Court:

1. set a status conference to address the circumstances of the transfer,

2. direct the Government and the United States Marshals Service to provide the legal basis for moving Mr. Zhang out of this District, and

3. order that Mr. Zhang be returned to this District immediately absent a valid judicial order authorizing his transfer elsewhere.

Thank you for the Court's attention to this matter.

Respectfully Submitted,

Frank Perez

cc: Clerk of Court (BMC)
    Counsel of Record

Page 2 of 2